UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAETANE MICHAUD,

        Plaintiff,

v.                                          Case No:  8:25-cv-02043-JLB-AAS

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,
UNIVERSITY OF SOUTH FLORIDA,
UNIVERSITY OF SOUTH FLORIDA
MORSANI COLLEGE OF
MEDICINE, AND FLORIDA
HEALTH SCIENCES CENTER INC.,

        Defendants.

_____/

## ORDER

Before the Court is Plaintiff Gaetane Michaud's Complaint against Defendants University of South Florida Board of Trustees ("USFBT"), University of South Florida ("USF"), University of South Florida Morsani College of Medicine ("USFMCM"), and Florida Health Science Center, Inc.  (Doc. 1).  For the reasons stated below, Plaintiff's Complaint is **DISMISSED without prejudice** as an impermissible shotgun pleading.

## BACKGROUND

Plaintiff brings a total of seven claims against four Defendants.  (*See* Doc. 1).  The claims deal with discrimination and retaliation under Title VII and the American with Disabilities Act ("ADA").  (*See id.*).  In response, USFMCM, USF, and USFBT have filed motions to dismiss.  (Doc. 23; Doc. 24; Doc. 25).

## LEGAL STANDARD

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

## DISCUSSION

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320). Rule 8(a) requires a complaint contain "a short and and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted).

There are four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. The first and most common type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each

successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not "separat[e] into a different count each cause of action or claim for relief." *Id.* The fourth and final category of shotgun pleading is one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Here, Plaintiff's Complaint falls into the first and fourth categories of a shotgun pleading. (*See generally* Doc. 1). Each of the seven counts in the Complaint adopts the allegations of the preceding counts. (*Id.* at ¶¶ 137, 142, 148, 154, 160, 165, 170). Further, the Complaint fails to allege which counts are brought against which Defendant. (*See* Doc. 1 at ¶¶ 137–73). As a result, the Complaint "fails . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Because the Amended Complaint is a shotgun pleading, the Court finds dismissal without prejudice appropriate. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[A] District Court retains authority to dismiss a shotgun pleading on that basis alone."). The Court will provide Plaintiff leave to amend her Complaint to be filed within 21 days from the date of this Order. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018)

("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.").

**CONCLUSION**

Accordingly, it is **ORDERED**:

(1)     Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2)     Defendant University of South Florida's and Defendant University of South Florida Morsani College of Medicine's Motion to Dismiss (Doc. 23) is **DENIED as moot**.

(3)     Defendant University of South Florida Board of Trustees's motions to dismiss (Doc. 24; Doc. 25) are **DENIED as moot**.

(4)     Defendant University of South Florida Board of Trustees's Unopposed Motion to Stay (Doc. 27) is **DENIED as moot**.

(5)     Plaintiff is provided leave to file an amended complaint within 21 days from the date of this Order.  No new claims may be added to the amended complaint.  Failure to timely file an amended complaint will result in the dismissal of this case without further notice of the Court.

**ORDERED** in Tampa, Florida, on October 16, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE